NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABC SERVICES GROUP, INC., in its
capacity as assignee for the benefit of
creditors for Morningside Recovery, LLC,

Plaintiff-Appellant,

v.

AETNA HEALTH AND LIFE
INSURANCE COMPANY; et al.,

Defendants-Appellees.

No.    20-55821

D.C. No.
8:19-cv-00243-DOC-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 22, 2021[**]
Pasadena, California

Before:  KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

ABC appeals the district court's dismissal of ABC's ERISA, contract, and

quantum meruit claims.  We have jurisdiction under 28 U.S.C. § 1291 and affirm in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part and reverse and remand in part for further proceedings.[1]

We review de novo the district court's grant of the motion to dismiss under Rule 12(b)(6), accepting as true all allegations in the complaint and construing the facts in favor of the non-moving party. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## I.    ABC's Contract Claims

We affirm the district court's dismissal with prejudice of ABC's contract claims for insufficient pleading. ABC failed to plead "any specific provisions of the contracts," and attached "example plans" of the service agreements, which were impermissible as "conclusory allegations." ABC argues that they could not plead the specifics of each contract because it didn't possess all the plans at this stage of the litigation. ABC relies heavily on a Fifth Circuit case for the proposition that the plaintiff need not plead the contract specifics when they are in the sole possession of Defendants. *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018). But assuming arguendo our court would follow the Fifth Circuit's rule in *Innova*, ABC's reliance on *Innova* fails because ABC did not even plead the specifics of the many plans it *did* possess. This fact alone distinguishes ABC from the plaintiff in *Innova*. *See id.* ("[T]his is not a case

---

[1] The parties are familiar with the facts, so we discuss them here only as necessary.

in which the plaintiff has ready access to plan documents and fails to identify the specific plan language at issue."). The district court correctly dismissed ABC's contract claims after ABC repeatedly failed to comport with the pleading requirements, and we affirm that decision.

## II.    ABC's ERISA Claim

The district court dismissed ABC's ERISA claims with prejudice after determining that ABC lacked standing to bring its claims.[2] In so holding, the district court relied on *Simon v. Value Behavior Health, Inc.*, 208 F.3d 1073, 1081 (9th Cir. 2000), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007), to conclude "[t]he Ninth Circuit has expressly declined to further extend standing to the assignees of healthcare providers." After the district court issued its ruling, our court published an opinion that clarifies *Simon*'s holding and the ability of an assignee to bring an ERISA cause of action.[3] We therefore reverse the district court's dismissal of ABC's ERISA claims and remand for further

---

[2] On appeal, Defendants also argue that ABC's ERISA claims should be dismissed as improperly pled, because the operative complaint does not adequately put each individual defendant on notice for its specific alleged actions. ABC disputes both the proper pleading standard in this context as well as the sufficiency of the facts and information it has alleged. The district court did not reach this issue because it was unnecessary given the court's dismissal of the ERISA claims on other grounds, and we decline to address it for the first time on appeal.

[3] *See Bristol SL Holdings, Inc. v. Cigna Health and Life Ins. Co.*, No. 20-56122, --- F.4th --- (9th Cir. Jan. 14, 2022).

proceedings in light of this new case law.

**III.    ABC's Quantum Meruit Claim**

To succeed on a quantum meruit claim, ABC must prove that Defendants requested services from ABC. *See Ochs v. PacifiCare of Cal.*, 9 Cal. Rptr. 3d 734, 742 (Cal. Ct. App. 2 Dist. 2004) (citing *Day v. Alta Bates Med. Ctr.*, 119 Cal. Rptr. 2d 606, 609 (Cal. Dist. Ct. App. 1 Dist. 2002)).  But the record reveals that ABC can, at most, argue that Defendants verified coverage and would allow for treatment, not that ABC took the additional step of explicitly *requesting* such service.  The district court correctly dismissed ABC's claim on this basis.[4]

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

---

[4] ABC filed two motions to take judicial notice (Docs. 32, 70).  Because these motions are unopposed and comply with Federal Rule of Evidence 201, we grant both motions.